UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Biko Burrell,

    Plaintiff,

v.

Imperial Recovery Partners, LLC,

    Defendant.
_____/

Case No. 11-11423

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [7]**

Before the Court is Plaintiff Biko Burrell's motion for entry of judgment pursuant to the clerk's entry of default. (Dkt. 7) Plaintiff states that he is entitled to this judgment because Defendant Imperial Recovery Partners, LLC has failed to plead or otherwise defend this action. For the reasons and with the limitations on damages stated below, the Court GRANTS Plaintiff's motion.

**I.   Facts**

On April 5, 2011, Plaintiff filed his complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and the Michigan Occupational Code, Mich. Comp. Laws § 339.101 et seq.

Plaintiff alleges that Defendant improperly attempted to collect on "consumer type debt" that Plaintiff allegedly owed. (Compl. ¶ 6.) Around November, 2010, Defendant started calling Plaintiff about the allegedly-owed debt. (Id. ¶ 7.) In February, 2011, Plaintiff asked Defendant to stop calling him and asked for something (reflecting the debt) in writing.

(*Id.* ¶ 8.) Defendant responded, "No, we are not going to do that." (*Id.*) Plaintiff states that he has not received anything in writing. (*Id.*)

A little over a month later, around March 17, 2011, Plaintiff alleges that Defendant's representative, "James," told Plaintiff that Defendant was "going to type in the computer [Plaintiff's] refusal to pay and send this account back to Wells Fargo. Wells Fargo will garnish [Plaintiff's] wages." (*Id.* ¶ 9.) Plaintiff then told Defendant that he had an attorney, and gave the attorney's name and contract information; to which Defendant allegedly responded, "Your attorney cannot do anything about this." (*Id.* ¶ 10.) Roughly a week later, Defendant called him again. (*Id.* ¶ 11.) Plaintiff again informed Defendant that he had an attorney, and again Defendant responded negatively, stating "I don't care who you have, you owe a debt."[1] (*Id.*)

Plaintiff seeks actual, statutory, and treble damages, as well as statutory costs and attorney's fees.

## II. Standard

Before a plaintiff can obtain a default judgment, the clerk must first issue an entry of default. After that, the plaintiff may obtain a default judgment, either from the clerk or the court. But to obtain a default judgment for an uncertain amount of damages–as here– a plaintiff must seek the Court's leave for a default judgment. Fed.R.Civ.P. 55(b)(2). Rule 55 provides that the Court "may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgement, it needs to:"

---

[1] Due to the entry of default, Plaintiff's well-pleaded allegations establish Defendant's liability, but Plaintiff still has to prove his damages. *Hett v. Bryant Lafayette and Assoc., LLC*, No. 10-12479, 2011 WL 740460, at *2 (Feb. 24, 2011) (Borman, J.) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-111 (6th Cir. 1995).

    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(2). But the Rule does not require the Court to hold a hearing on damages so long as a basis exists for the damages requested. *Hett v. Bryant Lafayette and Assoc., LLC*, No. 10-12479, 2011 WL 740460, at *2 (Feb. 24, 2011) (Borman, J.) (citing *Yesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009) (citation omitted)).[2]

### III. Analysis

Here, the Court finds that a hearing on damages is not necessary; the complaint and Plaintiff's motion and fillings establishes a basis for the amount of damages Plaintiff requests.

**A. The FDCPA entitles Plaintiff to statutory damages**

Plaintiff requests damages pursuant to 15 U.S.C. § 1692k(a)(2). That section entitles a plaintiff to a statutory award of "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2). Section 1692k(b) lists factors that a court should consider as it decides what amount to award a plaintff. Those factors include: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b).

The complaint establishes that Defendant violated FDCPA provisions. The FDCPA requires a debt collector to send a written notice of the debt that includes statutorily-specific

---

[2]The Court is satisfied that Plaintiff has properly requested and received a Clerk's Entry of Default. (Dkt. 9, 10.)

3

information. 15 U.S.C. § 1692g. Defendant did not do so. The FDCPA also prohibits harassing or abusive behavior by the debt collector to collect on a debt. 15 U.S.C. § 1692d. According to the complaint, Defendant refused to provide anything in writing, told Plaintiff that Wells Fargo was going to garnish his wages, and told Plaintiff that his attorney could not do anything to help. (Compl. ¶¶ 8-10.) These allegations in the complaint show that Defendant violated the FDCPA. And finally, the FDCPA prohibits direct communication with the consumer if the debt collector knows that an attorney represents the consumer. 15 U.S.C. § 1692b(6). Here, Plaintiff states that he informed Defendant's representative that he had an attorney, yet Defendant's representative continued to call him. (Compl. ¶ 11.)

The Court is satisfied that Plaintiff's allegations establish a violation of the FDCPA. This violation entitles Plaintiff to the $1,000.00 statutory damages award. Plaintiff has not submitted any evidence of actual damages that would entitle him to an actual damages award.

### B. The Michigan Occupational Code entitles Plaintiff to treble damages only when a plaintiff has suffered actual damages

Plaintiff alleges that Defendant violated the Michigan Occupational Code. And specifically, Michigan Compiled Law § 339.915. Several of § 915's provisions mirror the FDCPA's relevant sections above, and make it unlawful for the creditor to communicate with a debtor if the debtor is represented by an attorney and to use harassing or abusive behavior to collect the debt. *See* Mich. Comp. Laws §339.915 (h), (n). As shown above, Plaintiff has made the allegations required to find a violation of the Michigan Occupational Code.

Because Plaintiff has established a violation, he is entitled to bring an action for damages. ("A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for damages or other equitable relief." Mich. Comp. Law § 339.916(1).) The Occupational Code provides damages. *See* Mich. Comp. Law § 339.916(2) ("If the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a willful violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater and shall award reasonable attorney's fees and court costs incurred in the connection with the action.")

Under the Occupational Code, Plaintiff requests $3,000.00, which is three times the statutory amount that Plaintiff is entitled to under the FDCPA. Here, the Court cannot award the $3,000.00 as Plaintiff requests. Plaintiff has not shown that he suffered any actual damages; and in his complaint he has only requested statutory damages. These two types of damages are not the same. Michigan courts have adopted Black's Law Dictionary's definition of actual damages: "An amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." *Alken-Ziegler, Inc. v. Hague*, 767 N.W.2d 668, 671 (Mich.Ct.App. 2009). Plaintiff has not shown any injury or loss due to Defendant's violation of the Occupational Code. He thus is entitled to $150.00–the statutory award multiplied three times, as Plaintiff has alleged a willful violation.

The Court therefore finds that Plaintiff is entitled to $1,150.00 in statutory damages.

**C. Plaintiff is entitled to his attorney's fees and costs**

Both the FDCPA and the Michigan Occupational Code provide for a reasonable attorney's fee and costs. 15 U.S.C. § 1692k(a)(3) ("any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." *See also* Mich. Comp. Law § 339.916(2).

To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010.) The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). "[A] [c]ourt may consider various factors in making its calculation, including '[t]he reasonable hourly rate in the community[,] . . . the attorney's actual billing rate and fee award from prior cases[, and] a court may determine a reasonable rate based on its own expertise and judgment.'" *Id*. (quoting *Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D.Mich. 2010) (insertions in original, original citation omitted).

Plaintiff requests $3,180.00 as an attorney's fees and $370.00 for costs.

As other courts in the this district have found, the Court finds that Plaintiff's counsel's hourly rate is reasonable given his experience in FDCPA cases. *See Hett v. Bryant Lafayette and Assoc.*, No. 10-12479, 2011 WL 89323, at *1 (E.D. Mich. Mar. 14, 2011)(Borman, J) (finding Plaintiff's counsel's rate reasonable); *Kuhne v. Law Officers of Timothy E. Baxter and Assoc., P.C.*, No. 08-14088, 2009 WL 1798126, at *1 (E.D. Mich.

6

June 23, 2009) (O'Meara, J.) (finding Plaintiff's counsel's rate reasonable given his expertise and the prevailing community rates).

But as to the number of hours expended on this case, the Court finds that some of Plaintiff's counsel's hours are unreasonable. The Court finds that the half-hour expended on the first amended request for the entry of default is unreasonable. Plaintiff had to file the amended request because his first request was improper. As this action was completely in his counsel's hands, the Court will not award that half-hour. The Court will also reduce the hours expended on the first amended Plaintiff's motion for damages. In this amended motion, Plaintiff's counsel only included a bill of costs and an affidavit and did not change the motion substantively. The Court reduces the award from two hours to one hour. The Court finds the remaining hours reasonable. The Court therefore reduces the total award by 1.5 hours and awards Plaintiff $2,782.50 for his attorney's fees and awards the full $370.00 in costs.

## VI. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's motion for entry of judgment and awards Plaintiff $1,150.00 in statutory damages pursuant to the FDCPA and the Michigan Occupational Code, $2,782.50 in attorney's fees, and $370.00 in costs.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: July 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer  
        Case Manager